UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Julie Dermansky, | Civil Action No. 22-cv-3491 |
| *plaintiff,* | Section        Division |
| versus | District Judge |
| Hayride Media, LLC, | Magistrate Judge |
| *defendant.* | **Jury Trial Requested** |

## COMPLAINT

To support this *Complaint*, the plaintiff alleges the following against the defendant:

### Nature of the Action

1.    This is an action for direct copyright infringement and for the violation of rights under Section 1202 of the U.S. Copyright Act resulting from the unauthorized removal and/or alteration of Copyright Management Information ("CMI"), as that term is defined under 17 U.S.C. § 1202. Plaintiff sues in response to the unauthorized use of her original copyrighted photographs and other copyright violations by the defendant through its website, thehayride.com.

### Parties

2.    Appearing as plaintiff is **Julie Dermansky** (**"Dermansky"**), a natural person of the full age of majority and a citizen of the State of Louisiana.

3.    Named as defendant is **Hayride Media, LLC** (**"Hayride"**), a juridical person organized in and under the laws of the State of Louisiana, with a registered office in East Baton Rouge Parish, Louisiana.

### Jurisdiction

4.    **Subject matter.** This Court has original jurisdiction over civil actions arising under any Act[1] of Congress relating to copyrights. 28 U.S.C. § 1338(a). Actions "arise

---

[1] Here, 17 U.S.C. § 101, *et seq.* ("Copyright Act" or the "Act").

under" the Copyright Act if the complaint seeks a remedy granted by the Act, asserts a claim requiring construction of the Act, or presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

5.    And where copyrightability, ownership, or right to use is placed at issue, § 1338(a) jurisdiction is exclusive because claim resolution involves the application and interpretation of the Act.

6.    This case is the prototypical case invoking federal jurisdiction because it involves requests for injunctive relief, finding of infringement, and an award of actual damages, which are provided for in the Act and which turn on an analysis of the dismemberments of "ownership" in copyright, a distinctly federal concept.

7.    Subject matter jurisdiction is not only proper in this Court, it is *exclusive* in this Court as to the matters described in ¶¶ 4-6, above.

8.    **Personal.** This court has personal jurisdiction over Hayride because it was served through its registered agent in, is registered to do and does business in, has appointed an agent for service of process in, is comprised of members who are citizens of, the State of Louisiana.

### Venue

9.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) because Hayride is deemed to reside in this judicial district based on the Court's ability to exercise personal jurisdiction over it. See § 1391(c)(2). Venue is also proper under § 1391(b)(2) because a substantial part of the events giving rise to Dermansky's claims occurred, and a substantial part of the property that is the subject of this action is situated, in this judicial district.

10.   Venue is also proper under 28 U.S.C. § 1400(a) because Dermansky's is a civil action arising under the Copyright Act and Hayride or its agent(s) reside [see § 1391(c)(2)] or may be found in this judicial district.

### Background Facts

11.  **Dermansky.** Since 2008, and at all relevant times, Dermansky has provided professional commercial photography services, specializing in political figures, social injustice, and environmental matters.

12.  Dermansky charges and invoices her clients for the cost of her services, and licenses her photographs for use by such clients according to limitations specified under her written and oral licensing agreements. Dermansky also licenses her photographs for uses in print and on the Internet.

13.  **The Groby and Chambers Photographs.** In 2014, Dermansky shot a photograph of former St. Tammany Councilman Jake Groby before a council meeting (the "Groby Photograph"). Attached as **Exhibit A** is a copy of the Groby Photograph as depicted on DeSmogblog.com, (now called "DeSmog.com"), a news site focused on issues related to climate change, to which Dermansky is a frequent contributor and which is an authorized user of the Groby Photograph.

14.  In 2016, Dermansky shot a photograph of community activist Gary Chambers visiting the flooded neighborhood of Glen Oaks (the "Chambers Photograph"). Attached as **Exhibit B** is a copy of the Chambers Photograph as depicted on Dermansky's professional commercial photography website. Attached as **Exhibit C** is a copy of the Chambers Photograph as depicted on Reveal.com.

15.  Dermansky is the sole owner of the copyright in the Groby Photograph and effectively registered the Groby Photograph with the U.S Copyright Office on March 24, 2018, with the Reg. No. VA 2-100-104. Attached as **Exhibit D** is a copy of the registration certificate for the Groby Photograph.

16.  Dermansky is the sole owner of the copyright in the Chambers Photograph and effectively registered the Chambers Photograph with the U.S Copyright Office on July 31, 2017, with the Reg. No. VA 2-061-265. Attached as **Exhibit E** is a copy of the registration certificate for the Chambers Photograph.

17.    As shown on **Exhibit A,** Dermansky's publication of the Groby Photograph on DeSmog.com included a copyright notice attributing the authorship and ownership of the copyright in the Photograph to Dermansky, which constitutes Copyright Management Information ("CMI") under 17 U.S.C. § 1202 (*See* **Exhibit A, stating:** "St. Tammany Councilman Jake Groby before a council meeting. ©2014 Julie Dermansky").

18.    As shown on **Exhibit B**, Dermansky's publication of the Chambers Photograph on Dermansky's professional commercial photography website included a watermark and copyright notice attributing the authorship and ownership of the copyright in the Photograph to Dermansky, which constitutes CMI under 17 U.S.C. § 1202 (*See* **Exhibit B, stating:** "Copyright ©2016 Julie Dermansky").

19.    As shown on **Exhibit C**, Dermansky's publication of the Chambers Photograph on Reveal.com included a copyright notice attributing the authorship and ownership of the copyright in the Photograph to Dermansky, which constitutes CMI under 17 U.S.C. § 1202 (*See* **Exhibit C, stating:** "Credit: Julie Dermansky for Reveal").

20.    **Hayride.** Upon information and belief, Hayride operates the commercial website thehayride.com.

21.    **The infringement.** Upon information and belief, without authorization or permission, Hayride obtained the Groby Photograph from DeSmog.com downloaded it, cropped it, intentionally removed Dermansky's CMI attributing authorship and ownership of the copyright in the Photograph to Dermansky, and published it on Hayride's own website. Attached as **Exhibit F** are screen captures of the Hayride's webpages displaying the Groby Photograph, which on information and belief were first published by Hayride on July 23, 2015 and July 27, 2015.

22.    Upon information and belief, without authorization or permission, Hayride obtained the Chambers Photograph from Dermansky's professional commercial photography website, downloaded it, cropped it, intentionally removed Dermansky's

CMI attributing authorship and ownership of the copyright in the Photograph to Dermansky, and published it on Hayride's own website. Attached as **Exhibit G** are screen captures of the Hayride's webpages displaying the Chambers Photograph, which on information and belief were first published by Hayride on March 31, 2017, May 10, 2017, June 18, 2017, July 11, 2017, December 17, 2018, and May 7, 2019.

23. Alternatively, upon information and belief, without authorization or permission, Hayride obtained the Chambers Photograph from an article posted to Reveal.com, downloaded it, cropped it, intentionally removed Dermansky's CMI attributing authorship and ownership of the copyright in the Photograph to Dermansky, and published it on Hayride's own website.

24. **No permission or license.** Hayride did not ask Dermansky for permission to use the Groby Photograph.

25. Hayride did not ask Dermansky for permission to use the Chambers Photograph.

26. At the time of Hayride's display and distribution of the Groby Photograph on its website, Dermansky had not granted Hayride any license or permission to reproduce, publicly display, or otherwise use the Groby Photograph for any purpose.

27. At the time of Hayride's display and distribution of the Chambers Photograph on its website, Dermansky had not granted Hayride any license or permission to reproduce, publicly display, or otherwise use the Chambers Photograph for any purpose.

28. **CMI removal/alteration.** Although the publication of the Groby Photograph on DeSmog.com contained Dermansky's CMI, Hayride intentionally removed and/or altered Dermansky's CMI.

29. Although the publication of the Chambers Photograph on Dermansky's professional commercial photography website contained Dermansky's CMI, Hayride intentionally removed and/or altered Dermansky's CMI.

30.     Alternatively, although the publication of the Chambers Photograph on Reveal.com contained Dermansky's CMI, Hayride intentionally removed and/or altered Dermansky's CMI.

31.     Besides the foregoing, by its unauthorized publication and display of the Groby Photograph, Hayride distributed copies of the Groby Photograph with its CMI having been removed and/or altered knowing that the CMI had been removed and/or altered.

32.     Besides the foregoing, by its unauthorized publication and display of the Chambers Photograph, Hayride distributed copies of the Chambers Photograph with its CMI having been removed and/or altered knowing that the CMI had been removed and/or altered.

33.     **Dermansky's CCB claim.** To reduce the cost of litigation for both parties, and receive expedited relief for her damages, Dermansky first filed her claims, (as further detailed below), before the newly formed Copyright Claims Board ("CCB"), a tribunal of administrative judges within the copyright office designed to handle small claims under 17 U.S.C. § 1500 et seq. Attached as **Exhibit H** is a copy of Dermansky's filing with the CCB, styled as 22-CCB-0007, *Dermansky v. Hayride Media, LLC*, without attachments. The CCB case filing required Dermansky to pay filing fees and caused her attorneys to dedicate additional time to preparing and submitting these filings.

34.     **Hayride's refusal to participate.** Despite Dermansky's attempt at a cost-efficient and streamlined conclusion to this matter in the CCB, Hayride opted out of those proceedings.

35.     To recover damages for Hayride's infringement (which have only been compounded by the fees and efforts spent while attempting to resolve this matter in the CCB), Dermansky is now forced to sue in this Court to obtain the relief requested below.

36.     While Dermansky would have limited her monetary claims ($15,000/work or $30,000 total) and forego her Section 1202 remedies (CMI removal/alteration) to

participate in a streamlined CCB proceeding, because Hayride opted out of that proceeding, she is no longer willing to limit her remedies.

37. Like many professional commercial photographers, Dermansky's livelihood depends on revenue generated by licensing her original works for reproduction and public display. Regarding the Groby Photograph and the Chambers Photograph, the actions of Hayride have deprived Dermansky of such revenue and have caused significant monetary harm to Dermansky, threatening her livelihood. Dermansky sues to recover her damages.

**FIRST CLAIM FOR RELIEF:**
**Direct Copyright Infringement**
**17 U.S.C. §101, *et seq.***

38. Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 37, inclusive, as though fully set forth herein.

39. The Groby Photograph is an original copyrightable work.

40. Dermansky is the sole author and owner of the Groby Photograph.

41. Dermansky has complied in all respects with 17 U.S.C. §101, *et seq.*, and secured the exclusive rights in and ownership of the Groby Photograph, and has filed her registration of copyright in the Groby Photograph with the U.S. Copyright Office under its rules and regulations. Dermansky has received Registration No. VA 2-100-104, with an effective registration date of March 24, 2018, a copy of which is attached as **Exhibit D**.

42. By publishing and displaying a copy of the Groby Photograph on its website, thehayride.com, in connection with articles titled, "Anti-Fracking St. Tammany Councilman's Water Plant Has Tested Positive For Brain-Eating Ameba," and "Your Water System Has Brain-Eating Amoeba, What Do You Do? Share Anti-Fracking Propaganda On Facebook!", Hayride has infringed Dermansky's copyright

in the Groby Photograph by reproducing and publicly displaying the same, without Dermansky's permission or authorization.

43. Hayride has done so willfully and intentionally, with full knowledge of Dermansky's copyright, in particular as demonstrated by Hayride's unauthorized use of the Groby Photograph, which contained CMI, including Dermansky's copyright notice.

44. As a direct and proximate result of the copyright infringement detailed herein, Dermansky has been and continues to be damaged in an amount to be determined at trial.

45. As a direct and proximate result of the copyright infringement detailed herein, Hayride has gained and/or will gain substantial profits because of its infringement in an amount unknown and to be determined at trial.

46. Dermansky is entitled to recover her actual damages and any additional Hayride profits not calculated in the computation of her actual damages in an amount to be determined at trial under 17 U.S.C. § 504.

47. In addition, Dermansky is entitled to recover costs under 17 U.S.C. § 505, including costs relating to filing the case 22-CCB-0007 in the CCB.

48. In addition, Dermansky is entitled to permanent injunctive relief enjoining and restraining Hayrides from infringing her copyright under 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF:
### Removal and/or Alteration of Copyright Management Information
### Digital Millennium Copyright Act, 17 U.S.C. §1202(b)

49. Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. In association with her publication of the Groby Photograph on DeSmog.com, Dermansky included a copyright notice attributing the authorship and ownership of the copyright in the Groby Photograph to Dermansky.

51.   When Hayride obtained the Groby Photograph in an unauthorized manner from DeSmog.com, the Groby Photograph contained Dermansky's copyright notice attributing the authorship and ownership of the copyright in the Groby Photograph to Dermansky.

52.   The foregoing constitutes CMI, in particular under 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).

53.   Hayride removed and/or altered Dermansky's CMI.

54.   Hayride's removal and/or alteration of the CMI from the Groby Photograph, as described herein, and in particular by removing Dermansky's copyright notice, was committed intentionally.

55.   None of the acts removing and/or altering the CMI described were authorized by Dermansky or the law.

56.   Hayride reproduced, publicly displayed, and distributed the Groby Photograph in connection with a July 23, 2015 article titled, "Anti-Fracking St. Tammany Councilman's Water Plant Has Tested Positive For Brain-Eating Ameba" (*See* **Exhibit F**).

57.   Further, Hayride's distribution of the Groby Photograph, or copies thereof, was done knowing that the Groby Photograph's CMI had been removed and/or altered without the authority of Dermansky or the law.

58.   Hayride committed the acts described knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, and/or conceal an infringement of one more or more rights accorded to Dermansky under the U.S. Copyright Act.

59.   Based on the foregoing, Hayride is in violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3).

60.   Dermansky has suffered actual damages because of the acts complained of herein in an amount to be determined at trial.

61.   Hayride has gained profits attributable to the acts complained of herein in an amount unknown and to be determined at trial.

62.   Dermansky is entitled to recover from Hayride her actual damages and any additional Hayride profits not considered in computing her actual damages under 17 U.S.C § 1203(c)(2).

63.   And at her election, Dermansky is entitled to recover from Hayride, for each violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3), the full extent of which is unknown to Dermansky and which will be proven at trial, statutory damages of up to $25,000.00 per violation under 17 U.S.C. § 1203(c)(3)(B).

64.   Dermansky is further entitled to recover her attorney's fees and costs from Hayride under 17 U.S.C. §§ 1203(b)(4) and (b)(5), including costs relating to filing the case 22-CCB-0007 in the CCB.

65.   Dermansky is also entitled to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202(b) under 17 U.S.C. § 1203(b)(1).

### THIRD CLAIM FOR RELIEF:
### Removal and/or Alteration of Copyright Management Information
### Digital Millennium Copyright Act, 17 U.S.C. §1202(b)

66.   Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 65, inclusive, as though fully set forth herein.

67.   In association with her publication of the Groby Photograph on DeSmog.com, Dermansky included a copyright notice attributing the authorship and ownership of the copyright in the Groby Photograph to Dermansky.

68.   When Hayride obtained the Groby Photograph in an unauthorized manner from DeSmog.com, the Groby Photograph contained Dermansky's copyright notice attributing the authorship and ownership of the copyright in the Groby Photograph to Dermansky.

69.   The foregoing constitutes CMI, in particular under 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).

70.   Hayride removed and/or altered Dermansky's CMI.

71.   Hayride's removal and/or alteration of the CMI from the Groby Photograph, and in particular by removing Dermansky's copyright notice, was committed intentionally.

72.   None of the acts removing and/or altering the CMI described were authorized by Dermansky or the law.

73.   Hayride reproduced, publicly displayed, and distributed the Groby Photograph in connection with a July 27, 2015 article titled, "Your Water System Has Brain-Eating Amoeba, What Do You Do? Share Anti-Fracking Propaganda On Facebook!" (*See* **Exhibit F**).

74.   Further, Hayride's distribution of the Groby Photograph, or copies thereof, was done knowing that the Groby Photograph's CMI had been removed and/or altered without the authority of Dermansky or the law.

75.   Hayride committed the acts described knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, and/or conceal an infringement of one more or more rights accorded to Dermansky under the U.S. Copyright Act.

76.   Hayride is in violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3).

77.   Dermansky has suffered actual damages because of the acts complained of herein in an amount to be determined at trial.

78.   Hayride has gained profits attributable to the acts complained of herein in an amount unknown and to be determined at trial.

79.   Dermansky is entitled to recover from Hayride her actual damages and any additional Hayride profits not considered in computing her actual damages under 17 U.S.C § 1203(c)(2).

80.   In the alternative and at her election, Dermansky is entitled to recover from Hayride, for each violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3), the full extent of which is unknown to Dermansky and which will be proven at trial, statutory damages of up to $25,000.00 per violation under 17 U.S.C. § 1203(c)(3)(B).

81.   Dermansky is further entitled to recover her attorney's fees and costs from Hayride under 17 U.S.C. §§ 1203(b)(4) and (b)(5), including costs relating to filing the case 22-CCB-0007 in the CCB.

82.   Dermansky is also entitled to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202(b) under 17 U.S.C. § 1203(b)(1).

### FOURTH CLAIM FOR RELIEF:
### Direct Copyright Infringement
### 17 U.S.C. §101, *et seq.*

83.   Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 82, inclusive, as though fully set forth herein.

84.   The Chambers Photograph is an original copyrightable work.

85.   Dermansky is the sole author and owner of the Chambers Photograph.

86.   Dermansky has complied in all respects with 17 U.S.C. §101, *et seq.*, and secured the exclusive rights in and ownership of the Chambers Photograph, and has filed her registration of copyright in the Chambers Photograph with the U.S. Copyright Office under its rules and regulations. Dermansky has received Registration No. VA 2-061-265, with an effective registration date of July 31, 2017, a copy of which is attached as **Exhibit E**.

87.   By publishing and displaying a copy of the Chambers Photograph on its website, thehayride.com, in connection with articles titled, "Tasha Clark Amar's Defenders – Who Are The Usual Suspects – Come Out Of The Woodwork," "The Alton Sterling Fan Club Is Now Threatening To "Shut Down" The Baton Rouge Metro Council," "Gary Chambers Called For A Riot In Baton Rouge This Weekend…", "Marital Advice From Gary Chambers," "Coming Soon: State Senator…Gary Chambers?", and "Welcome to NBRED Week In Baton Rouge!", Hayride has infringed Dermansky's copyright in the Chambers Photograph by reproducing, publicly

displaying, and distributing the same, without Dermansky's permission or authorization.

88.    Besides the foregoing, by publishing and displaying a copy of the Chambers Photograph with the text "Everyday I'm Hustlin'" superimposed upon the Chambers Photograph, on its website, thehayride.com, in connection with articles titled, "Tasha Clark Amar's Defenders – Who Are The Usual Suspects – Come Out Of The Woodwork," "The Alton Sterling Fan Club Is Now Threatening To "Shut Down" The Baton Rouge Metro Council," "Gary Chambers Called For A Riot In Baton Rouge This Weekend…", "Marital Advice From Gary Chambers," "Coming Soon: State Senator…Gary Chambers?", and "Welcome to NBRED Week In Baton Rouge!", Hayride has infringed Dermansky's copyright in the Chambers Photograph by preparing derivative works based upon the Chambers Photograph, without Dermansky's permission or authorization.

89.    Hayride has done so willfully and intentionally, with full knowledge of Dermansky's copyright, in particular as demonstrated by Hayride's unauthorized use of the Chambers Photograph, which contained CMI, including Dermansky's copyright notice.

90.    As a direct and proximate result of the copyright infringement detailed herein, Dermansky has been and continues to be damaged in an amount to be determined at trial.

91.    As a direct and proximate result of the copyright infringement detailed herein, Hayride has gained and/or will gain substantial profits because of its infringement in an amount unknown and to be determined at trial.

92.    Dermansky is entitled to recover from Hayride statutory damages of up to $150,000.00 under 17 U.S.C. § 504.

93.   In the alternative, and at her election, Dermansky is entitled to recover her actual damages and any additional Hayride profits not calculated in the computation of her actual damages in an amount to be determined at trial under 17 U.S.C. § 504.

94.   In addition, Dermansky is entitled to recover her attorneys' fees and costs under 17 U.S.C. § 505, including costs relating to filing the case 22-CCB-0007 in the CCB.

95.   In addition, Dermansky is entitled to permanent injunctive relief enjoining and restraining Hayrides from infringing her copyright under 17 U.S.C. § 502.

### FIFTH CLAIM FOR RELIEF:
### Removal and/or Alteration of Copyright Management Information
### Digital Millennium Copyright Act, 17 U.S.C. §1202(b)

96.   Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 95, inclusive, as though fully set forth herein.

97.   In association with her publication of the Chambers Photograph on her professional commercial photography website, Dermansky included a watermark and copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

98.   On information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Dermansky's professional commercial photography website, the Chambers Photograph contained Dermansky's watermark and copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

99.   In association with her publication of the Chambers Photograph on Reveal.com, Dermansky included a copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

100.  Alternatively, on information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Reveal.com, the Chambers Photograph

contained Dermansky's copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

101. The foregoing constitutes CMI, in particular under 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).

102. Hayride removed and/or altered Dermansky's CMI.

103. Hayride's removal and/or alteration of the CMI from the Chambers Photograph, as described herein, and in particular by removing Dermansky's watermark and/or copyright notice, was committed intentionally.

104. None of the acts removing and/or altering the CMI described herein were authorized by Dermansky or the law.

105. Hayride reproduced, publicly displayed, and distributed the Chambers Photograph in connection with a March 31, 2017 article titled, "Tasha Clark Amar's Defenders – Who Are The Usual Suspects – Come Out Of The Woodwork," in connection with Hayride's unauthorized copy of the Chambers Photograph. (*See* **Exhibit G**).

106. Further, Hayride's distribution of the Chambers Photograph, or copies thereof, was done knowing that the Chambers Photograph's CMI had been removed and/or altered without the authority of Dermansky or the law.

107. Hayride committed the acts described herein knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, and/or conceal an infringement of one more or more rights accorded to Dermansky under the U.S. Copyright Act.

108. Hayride is in violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3).

109. Dermansky has suffered actual damages because of the acts complained of herein in an amount to be determined at trial.

110. Hayride has gained profits attributable to the acts complained of herein in an amount unknown and to be determined at trial.

111.  Dermansky is entitled to recover from Hayride her actual damages and any additional Hayride profits not considered in computing her actual damages under 17 U.S.C § 1203(c)(2).

112.  In the alternative, and at her election, Dermansky is entitled to recover from Hayride, for each violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3), the full extent of which is unknown to Dermansky and which will be proven at trial, statutory damages of up to $25,000.00 per violation under 17 U.S.C. § 1203(c)(3)(B).

113.  Dermansky is further entitled to recover her attorney's fees and costs from Hayride under 17 U.S.C. §§ 1203(b)(4) and (b)(5), including costs relating to filing the case 22-CCB-0007 in the CCB.

114.  Dermansky is also entitled to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202(b) under 17 U.S.C. § 1203(b)(1).

**SIXTH CLAIM FOR RELIEF:**
**Removal and/or Alteration of Copyright Management Information**
**Digital Millennium Copyright Act, 17 U.S.C. §1202(b)**

115.  Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 114, inclusive, as though fully set forth herein.

116.  In association with her publication of the Chambers Photograph on her professional commercial photography website, Dermansky included a watermark and copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

117.  On information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Dermansky's professional commercial photography website, the Chambers Photograph contained Dermansky's watermark and copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

118.  In association with her publication of the Chambers Photograph on Reveal.com, Dermansky included a copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

119.  Alternatively, on information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Reveal.com, the Chambers Photograph contained Dermansky's copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

120.  The foregoing constitutes CMI, in particular under 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).

121.  Hayride removed and/or altered Dermansky's CMI.

122.  Hayride's removal and/or alteration of the CMI from the Chambers Photograph, as described herein, and in particular by removing Dermansky's watermark and/or copyright notice, was committed intentionally.

123.  None of the acts removing and/or altering the CMI described were authorized by Dermansky or the law.

124.  Hayride reproduced, publicly displayed, and distributed the Chambers Photograph in connection with a May 10, 2017 article titled, "The Alton Sterling Fan Club Is Now Threatening To "Shut Down" The Baton Rouge Metro Council," in connection with Hayride's unauthorized copy of the Chambers Photograph. (*See* **Exhibit G**).

125.  Further, Hayride's distribution of the Chambers Photograph, or copies thereof, was done knowing that the Chambers Photograph's CMI had been removed and/or altered without the authority of Dermansky or the law.

126.  Hayride committed the acts described knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, and/or conceal an infringement of one more or more rights accorded to Dermansky under the U.S. Copyright Act.

127.  Hayride is in violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3).

128. Dermansky has suffered actual damages because of the acts complained of herein in an amount to be determined at trial.

129. Hayride has gained profits attributable to the acts complained of herein in an amount unknown and to be determined at trial.

130. Dermansky is entitled to recover from Hayride her actual damages and any additional Hayride profits not considered in computing her actual damages under 17 U.S.C § 1203(c)(2).

131. In the alternative, and at her election, Dermansky is entitled to recover from Hayride, for each violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3), the full extent of which is unknown to Dermansky and which will be proven at trial, statutory damages of up to $25,000.00 per violation under 17 U.S.C. § 1203(c)(3)(B).

132. Dermansky is further entitled to recover her attorney's fees and costs from Hayride under 17 U.S.C. §§ 1203(b)(4) and (b)(5), including costs relating to filing the case 22-CCB-0007 in the CCB.

133. Dermansky is also entitled to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202(b) under 17 U.S.C. § 1203(b)(1).

### SEVENTH CLAIM FOR RELIEF:
### Removal and/or Alteration of Copyright Management Information
### Digital Millennium Copyright Act, 17 U.S.C. §1202(b)

134. Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 133, inclusive, as though fully set forth herein.

135. In association with her publication of the Chambers Photograph on her professional commercial photography website, Dermansky included a watermark and copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

136. On information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Dermansky's professional commercial photography

website, the Chambers Photograph contained Dermansky's watermark and copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

137.  In association with her publication of the Chambers Photograph on Reveal.com, Dermansky included a copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

138.  Alternatively, on information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Reveal.com, the Chambers Photograph contained Dermansky's copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

139.  The foregoing constitutes CMI, in particular under 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).

140.  Hayride removed and/or altered Dermansky's CMI.

141.  Hayride's removal and/or alteration of the CMI from the Chambers Photograph, as described herein, and in particular by removing Dermansky's watermark and/or copyright notice, was committed intentionally.

142.  None of the acts removing and/or altering the CMI described were authorized by Dermansky or the law.

143.  Hayride reproduced, publicly displayed, and distributed the Chambers Photograph in connection with a June 18, 2017 article titled, "Gary Chambers Called For A Riot In Baton Rouge This Weekend…", in connection with Hayride's unauthorized copy of the Chambers Photograph. (*See* **Exhibit G**).

144.  Further, Hayride's distribution of the Chambers Photograph, or copies thereof, was done knowing that the Chambers Photograph's CMI had been removed and/or altered without the authority of Dermansky or the law.

145. Hayride committed the acts described knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, and/or conceal an infringement of one more or more rights accorded to Dermansky under the U.S. Copyright Act.

146. Hayride is in violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3).

147. Dermansky has suffered actual damages because of the acts complained of herein in an amount to be determined at trial.

148. Hayride has gained profits attributable to the acts complained of herein in an amount unknown and to be determined at trial.

149. Dermansky is entitled to recover from Hayride her actual damages and any additional Hayride profits not considered in computing her actual damages under 17 U.S.C § 1203(c)(2).

150. In the alternative, and at her election, Dermansky is entitled to recover from Hayride, for each violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3), the full extent of which is unknown to Dermansky and which will be proven at trial, statutory damages of up to $25,000.00 per violation under 17 U.S.C. § 1203(c)(3)(B).

151. Dermansky is further entitled to recover her attorney's fees and costs from Hayride under 17 U.S.C. §§ 1203(b)(4) and (b)(5), including costs relating to filing the case 22-CCB-0007 in the CCB.

152. Dermansky is also entitled to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202(b) under 17 U.S.C. § 1203(b)(1).

**EIGHTH CLAIM FOR RELIEF:**
**Removal and/or Alteration of Copyright Management Information**
**Digital Millennium Copyright Act, 17 U.S.C. §1202(b)**

153. Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 152, inclusive, as though fully set forth herein.

154. In association with her publication of the Chambers Photograph on her professional commercial photography website, Dermansky included a watermark and copyright

notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

155.   On information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Dermansky's professional commercial photography website, the Chambers Photograph contained Dermansky's watermark and copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

156.   In association with her publication of the Chambers Photograph on Reveal.com, Dermansky included a copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

157.   Alternatively, on information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Reveal.com, the Chambers Photograph contained Dermansky's copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

158.   The foregoing constitutes CMI, in particular under 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).

159.   Hayride removed and/or altered Dermansky's CMI.

160.   Hayride's removal and/or alteration of the CMI from the Chambers Photograph, as described herein, and in particular by removing Dermansky's watermark and/or copyright notice, was committed intentionally.

161.   None of the acts removing and/or altering the CMI described were authorized by Dermansky or the law.

162.   Hayride reproduced, publicly displayed, and distributed the Chambers Photograph in connection with a July 11, 2017 article titled, "Marital Advice From Gary Chambers," in connection with Hayride's unauthorized copy of the Chambers Photograph. (*See* **Exhibit G**).

163.  Further, Hayride's distribution of the Chambers Photograph, or copies thereof, was done knowing that the Chambers Photograph's CMI had been removed and/or altered without the authority of Dermansky or the law.

164.  Hayride committed the acts described knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, and/or conceal an infringement of one more or more rights accorded to Dermansky under the U.S. Copyright Act.

165.  Hayride is in violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3).

166.  Dermansky has suffered actual damages because of the acts complained of herein in an amount to be determined at trial.

167.  Hayride has gained profits attributable to the acts complained of herein in an amount unknown and to be determined at trial.

168.  Dermansky is entitled to recover from Hayride her actual damages and any additional Hayride profits not considered in computing her actual damages under 17 U.S.C § 1203(c)(2).

169.  In the alternative, and at her election, Dermansky is entitled to recover from Hayride, for each violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3), the full extent of which is unknown to Dermansky and which will be proven at trial, statutory damages of up to $25,000.00 per violation under 17 U.S.C. § 1203(c)(3)(B).

170.  Dermansky is further entitled to recover her attorney's fees and costs from Hayride under 17 U.S.C. §§ 1203(b)(4) and (b)(5), including costs relating to filing the case 22-CCB-0007 in the CCB.

171.  Dermansky is also entitled to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C. § 1202(b) under 17 U.S.C. § 1203(b)(1).

## NINTH CLAIM FOR RELIEF:
### Removal and/or Alteration of Copyright Management Information
### Digital Millennium Copyright Act, 17 U.S.C. §1202(b)

172. Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 171, inclusive, as though fully set forth herein.

173. In association with her publication of the Chambers Photograph on her professional commercial photography website, Dermansky included a watermark and copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

174. On information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Dermansky's professional commercial photography website, the Chambers Photograph contained Dermansky's watermark and copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

175. In association with her publication of the Chambers Photograph on Reveal.com, Dermansky included a copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

176. Alternatively, on information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Reveal.com, the Chambers Photograph contained Dermansky's copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

177. The foregoing constitutes CMI, in particular under 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).

178. Hayride removed and/or altered Dermansky's CMI.

179. Hayride's removal and/or alteration of the CMI from the Chambers Photograph, as described herein, and in particular by removing Dermansky's watermark and/or copyright notice, was committed intentionally.

180. None of the acts removing and/or altering the CMI described were authorized by Dermansky or the law.

181. Hayride reproduced, publicly displayed, and distributed the Chambers Photograph in connection with a December 17, 2018 article titled, "Coming Soon: State Senator…Gary Chambers?", in connection with Hayride's unauthorized copy of the Chambers Photograph. (*See* **Exhibit G**).

182. Further, Hayride's distribution of the Chambers Photograph, or copies thereof, was done knowing that the Chambers Photograph's CMI had been removed and/or altered without the authority of Dermansky or the law.

183. Hayride committed the acts described knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, and/or conceal an infringement of one more or more rights accorded to Dermansky under the U.S. Copyright Act.

184. Hayride is in violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3).

185. Dermansky has suffered actual damages because of the acts complained of herein in an amount to be determined at trial.

186. Hayride has gained profits attributable to the acts complained of herein in an amount unknown and to be determined at trial.

187. Dermansky is entitled to recover from Hayride her actual damages and any additional Hayride profits not considered in computing her actual damages under 17 U.S.C § 1203(c)(2).

188. In the alternative, and at her election, Dermansky is entitled to recover from Hayride, for each violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3), the full extent of which is unknown to Dermansky and which will be proven at trial, statutory damages of up to $25,000.00 per violation under 17 U.S.C. § 1203(c)(3)(B).

189. Dermansky is further entitled to recover her attorney's fees and costs from Hayride under 17 U.S.C. §§ 1203(b)(4) and (b)(5), including costs relating to filing the case 22-CCB-0007 in the CCB.

190.   Dermansky is also entitled to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202(b) under 17 U.S.C. § 1203(b)(1).

**TENTH CLAIM FOR RELIEF:**
**Removal and/or Alteration of Copyright Management Information**
**Digital Millennium Copyright Act, 17 U.S.C. §1202(b)**

191.   Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 190, inclusive, as though fully set forth herein.

192.   In association with her publication of the Chambers Photograph on her professional commercial photography website, Dermansky included a watermark and copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

193.   On information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Dermansky's professional commercial photography website, the Chambers Photograph contained Dermansky's watermark and copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

194.   In association with her publication of the Chambers Photograph on Reveal.com, Dermansky included a copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

195.   Alternatively, on information and belief, when Hayride obtained the Chambers Photograph in an unauthorized manner from Reveal.com, the Chambers Photograph contained Dermansky's copyright notice attributing the authorship and ownership of the copyright in the Chambers Photograph to Dermansky.

196.   The foregoing constitutes CMI, in particular under 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).

197.   Hayride removed and/or altered Dermansky's CMI.

198. Hayride's removal and/or alteration of the CMI from the Chambers Photograph, as described herein, and in particular by removing Dermansky's watermark and/or copyright notice, was committed intentionally.

199. None of the acts removing and/or altering the CMI described were authorized by Dermansky or the law.

200. Hayride reproduced, publicly displayed, and distributed the Chambers Photograph in connection with a May 7, 2019 article titled, "Welcome to NBRED Week In Baton Rouge!", in connection with Hayride's unauthorized copy of the Chambers Photograph. (*See* **Exhibit G**).

201. Further, Hayride's distribution of the Chambers Photograph, or copies thereof, was done knowing that the Chambers Photograph's CMI had been removed and/or altered without the authority of Dermansky or the law.

202. Hayride committed the acts described knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, and/or conceal an infringement of one more or more rights accorded to Dermansky under the U.S. Copyright Act.

203. Hayride is in violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3).

204. Dermansky has suffered actual damages because of the acts complained of herein in an amount to be determined at trial.

205. Hayride has gained profits attributable to the acts complained of herein in an amount unknown and to be determined at trial.

206. Dermansky is entitled to recover from Hayride her actual damages and any additional Hayride profits not considered in computing her actual damages under 17 U.S.C § 1203(c)(2).

207. In the alternative, and at her election, Dermansky is entitled to recover from Hayride, for each violation of 17 U.S.C. §§ 1202(b)(1) and (b)(3), the full extent of which is unknown to Dermansky and which will be proven at trial, statutory damages of up to $25,000.00 per violation under 17 U.S.C. § 1203(c)(3)(B).

208.   Dermansky is further entitled to recover her attorney's fees and costs from Hayride under 17 U.S.C. §§ 1203(b)(4) and (b)(5), including costs relating to filing the case 22-CCB-0007 in the CCB.

209.   Dermansky is also entitled to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202(b) under 17 U.S.C. § 1203(b)(1).

## Prayer for Relief

WHEREFORE, plaintiff Julie Dermansky prays for judgment in her favor and against Hayride Media, LLC:

(a)   For an award of monetary damages in an amount to be proven at trial, but which is no less than $500,000.00;

(b)   For her attorneys' fees and costs;

(c)   For a permanent injunction preventing further violations of her rights;

(d)   For interest as allowed by law; and

(e)   For such relief as the Court deems just and proper.

## Jury Trial Demand

Under Rule 38 of the Federal Rules of Civil Procedure, Dermansky demands a trial by jury for all issues so triable.

Respectfully submitted,

*/s/ Andrew T. Lilly*

**Andrew T. Lilly (La. 32559)**
Lilly PLLC
4907 Magazine Street
New Orleans, Louisiana 70115
t: (504) 812-6388
e: andrew@atlpllc.com

and

**David Leichtman (N.Y. 2824480)**[2]
e: dleichtman@leichtmanlaw.com
Alexander B. Katz (N.Y. 5922737)[3]
e: akatz@leichtmanlaw.com
Leichtman Law PLLC
228 East 45th Street, Suite 605
New York, NY 10017
t: (212) 419-5210

***Attorneys for Julie Dermansky***

---

[2] Motion to appear *pro hac vice* forthcoming.

[3] Motion to appear *pro hac vice* forthcoming.